D. Vélez Gotay & Co., S. en C., Claimant and Appellant, v. Julia Franceschi Antongiorgi, etc., et al., Respondents.

No. 7154. Argued April 21, 1937.—Decided May 7, 1937.

*Raúl Matos* for appellant. *Fernando Zapater* for appellee Vélez Gotay. *Lucien Longchamps* for appellees Franceschi and Vélez Franceschi.

Mr. Justice Córdova Dávila delivered the opinion of the court.

Julia Franceschi Antongiorgi, for herself and as mother with *patria potestas* over her minor children, brought an action against her former husband and father of her children, Diego Vélez Gotay, claiming a monthly allowance of $150. In order to secure the effectiveness of any judgment that might be rendered in the action there was attached as the property of Diego Vélez Gotay, the entire stock of goods in a drugstore in Yauco. After the attachment had been levied on the aforesaid goods, the firm D. Vélez Gotay & Co., *S. en C.,* brought a proceeding in reclamation (*tercería*) against the plaintiffs in the action for maintenance and support.

The claimant and appellant in its complaint alleged that it was a limited mercantile partnership (*sociedad en comandita*), domiciled in Yauco, constituted in accordance with the provisions of the Code of Commerce of Puerto Rico; and that it had been in possession of the attached goods as sole owner with full title, which goods were valued at $1,000.

The defendants in intervention denied the existence of the partnership D. Vélez Gotay & Co., *S. en C.,* and denied the value of the goods as fixed by the plaintiff, and on the contrary alleged that their value was from $2,000 to $2,500. They further denied that the claimant was in possession of the goods, alleging that at that time Diego Vélez Gotay was the sole owner of the drugstore.

The lower court, on the grounds which it set forth in its opinion, rendered judgment "for the plaintiff in case number 9318, (concerning maintenance and support), and ordered the defendant to pay to the plaintiff the sum of $25 monthly, and to provide her, free of charge, with any medicines which might be prescribed for her minor children by a physician, with costs; and for the defendant in case number 9347 (in-

tervention proceedings in attachment), because the court is of opinion that the attached goods belong exclusively to the defendant Diego Vélez Gotay, and imposes costs on said plaintiff.''

D. Vélez Gotay & Co., *S. en C.*, took an appeal from the judgment in the latter case, and urges that the lower court erred in finding that the firm D. Vélez Gotay & Co., *S. en C.*, does not exist, in imposing the costs on Diego Vélez Gotay, and in rendering judgment against the weight of the evidence.

As the lower court declared, and as it appears from the evidence, upon the partition of the conjugal partnership which existed between the defendant Diego Vélez Gotay and the plaintiff Julia Franceschi Antongiorgi, there were awarded to the defendant, among other things, the stock of goods, furniture and fixtures in the drugstore acquired during coverture, and valued at $2,000. Three days afterward the defendant Diego Vélez Gotay, together with his brother Silvio Vélez Gotay, formed a mercantile limited partnership (*sociedad en comandita*), to which the former contributed, as representing the sum of $500, the said stock of goods in the drugstore which had been previously valued at $2,000. Silvio Vélez Gotay appeared to contribute, as silent partner, the sum of $1,000 in cash. Concerning this point the lower court expressed itself as follows:

''In spite of this, the drugstore of the defendant, Diego Vélez Gotay, which always bore his name, continued with the same name; no insular or municipal license in the name of the partnership was procured, and the evidence further shows that the silent partner, Silvio Vélez Gotay, who is a brother of the defendant who holds the office of Collector of Internal Revenue of Guánica, appears as having contributed $1,000 in cash, although he only had a small checking account at the bank Crédito y Ahorro Ponceño of Yauco. As a whole, the evidence, concerning the formation and existence of the partnership 'Diego Vélez Gotay & Co., *S. en C.*,' shows that in reality such partnership does not exist, but that the true owner of the drugstore is Vélez Gotay, the plaintiff.''

We do not think that the lower court has erred in its conclusions. Silvio Vélez Gotay is a minor employee who has an account in the bank Crédito y Ahorro Ponceño, of Yauco, and appears as having contributed with $1,000 in cash, without explaining where he secured said amount. This gentleman, on some occasions borrowed small amounts even though he had the money in cash.

The marriage tie existing between Vélez Gotay and Julia Franceschi had been dissolved. The divorced husband might be subjected to a claim for alimony. In these circumstances, immediately after the dissolution of the conjugal partnership, he formed a mercantile partnership and in doing so he valued at $500 property which three days previous had been assessed at $2,000. Besides the testimony of Silvio Vélez Gotay, which in our opinion, the lower court weighed quite correctly, there are other elements of proof tending to show that the $1,000 that the so-called silent partner allegedly contributed to the partnership was never paid.

In weighing the evidence the lower court considered that the plaintiff in intervention had not proved its allegations, and that the drugstore is still owned by the divorced husband, Diego Vélez Gotay.

Regarding the costs, we think that we leave undisturbed the pronouncement made by the lower court in the exercise of its discretionary power.

The judgment appealed from must be affirmed.